**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JIMMIE A. SHELBY,

        *Plaintiff*,

vs.

MERCY REGIONAL HEALTH CENTER
and JAMES McATEE,

        *Defendants.*

Case No. 07-4147-EFM

**MEMORANDUM AND ORDER**

Before the Court is Defendant James McAtee's Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. 18). The motion has been fully briefed. For the following reasons, the Court grants the motion.

**I. Factual and Procedural Background**

*Pro se* Plaintiff Jimmie Shelby brings this action against Mercy Regional Health Center ("Mercy Regional") and Dr. James McAtee.[1] Plaintiff works for Mercy Regional in Manhattan, Kansas and alleges that he was discriminated against on the basis of his race, color, and national origin. Plaintiff states that his race or color is "negro," and his national origin is African American.

---

[1] Plaintiff filled out two complaint forms, one entitled "Civil Complaint Pursuant to Title VII of the Civil Rights Act of 1964" and one entitled "Civil Complaint." These two complaints contain conflicting allegations. The Court has carefully reviewed both complaint forms together in the light most favorable to the Plaintiff.

-1-

Plaintiff claims that he was subjected to unequal terms and conditions of employment and harassment. Plaintiff alleges that he was subject to racially derogatory remarks because Dr. McAtee referred to him and another black co-worker as a "honyak." Plaintiff states that "honyak" means "nigger" in Iraqi language. Plaintiff claims that Dr. McAtee used the term more than once.

Plaintiff states that he filed a charge with the Kansas Human Rights Commission ("KHRC") on September 8, 2007 and the Equal Employment Opportunity Commission ("EEOC") on September 24, 2007.[2] Plaintiff states that the EEOC issued a Notice of Right to Sue Letter which was received on or about September 28, 2007.[3]

Defendant asserts that Plaintiff's motion should be dismissed because: (1) Plaintiff did not exhaust administrative remedies against Defendant McAtee and therefore this Court does not have subject matter jurisdiction; (2) Plaintiff has failed to state a claim upon which relief may be granted; and (3) Defendant McAtee is not Plaintiff's employer.

## II. Standard of Review

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe

---

[2] The Court notes that Plaintiff stated in his "First" Complaint that he filed the EEOC charge on September 24, 2007 (Doc. 1, p. 4) and stated in his "Second" Complaint that he filed the EEOC charge on August 7, 2007 (Doc. 1, p. 9). The signed EEOC Charge was received by the EEOC on September 24, 2007. (Doc. 1, p. 15).

[3] The KHRC complaint, KHRC Complaint Information Sheet which included the Mercy Regional Event Report, EEOC complaint, and "Dismissal and Notice of Rights" Letter from the EEOC were attached to the Complaint.

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[6]

In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well pleaded facts in the complaint and views them in the light most favorable to the plaintiff.[7] The court, however, need not accept as true those allegations which state only legal conclusions.[8] Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved.[9] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12] "The broad reading of the plaintiff's complaint does not relieve the

---

[5]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[7]*See Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[8]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]*Id.*

[10]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)(citations and quotations omitted).

[11]*Hall*, 935 F.2d at 1110.

[12]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)(citation omitted).

plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]  "Plaintiff bears the burden of alleging 'enough facts to state a claim to relief that is *plausible* on its face.'"[14]

## III. Analysis

### A. Exhaustion/Subject Matter Jurisdiction

Plaintiff alleges that he was discriminated against in violation of Title VII.  "It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit."[15]  In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite.[16]  This is also true for suits brought under the Kansas Act Against Discrimination ("KAAD").[17]

Defendant McAtee was not named in the body of the KHRC or the EEOC complaint as Plaintiff's employer or as a party.  Defendant McAtee asserts that because he was not named in either charge, this Court does not have jurisdiction over any claim under Title VII or KAAD against

---

[13] *Hall*, 935 F.2d at 1110.

[14] *Bafford v. Pokorski*, 2008 WL 2783132, at *1 (D. Kan. 2008)(citing *Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1974)).

[15] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005). Defendant asserted that Plaintiff's claim should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), the Court may look beyond the Complaint when the movant challenges the facts upon which subject matter jurisdiction is based. *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon.*, 428 F.3d 1285, 1292 (10th Cir. 2005). The Tenth Circuit has found that the exhaustion issue is not interwined with the merits of a Title VII Complaint. *Sivoza v. Nat'l Inst. Of Stands. & Tech.*, 282 F.3d 1320, 1324-25 (10th Cir. 2002).  As such, although the Court is looking beyond the pleadings to determine subject matter jurisdiction, the Court is not required to convert the motion to one for summary judgment. *Id.*

[16] *Shikles*, 426 F.3d at 1317.

[17] *Sandlin v. Roche Laboratories, Inc.*, 268 Kan. 79, 88, 991 P.2d 883, 889 (1999).

him.[18]

The omission of a party's name, however, does not automatically mandate dismissal of a later complaint under Title VII.[19] An action under Title VII may proceed against a defendant not named in the charge when there is an identity of interest between the unnamed defendant and the named party.[20] There are four relevant factors in evaluating whether or not the party should be dismissed for failure to name him in the administrative complaint.[21] Those factors include: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.[22]

---

[18]The Court notes that although Dr. McAtee was not specifically named in the body of the KHRC or EEOC complaint, Plaintiff's KHRC Complaint Information Sheet contained Dr. McAtee's name, and his Mercy Regional Event Report was attached to the Information Sheet which detailed the specific allegations against Dr. McAtee. However, "[t]he KHRC 'Complaint Information Sheet' does not constitute a 'complaint' under state law" because it is not signed under oath and states that it is submitted "for information purposes only." *Zhu v. Fed. Hous. Fin. Bd.*, 1277 (D. Kan. 2005). The investigation is governed by the verified "allegations of the complaint." *Id.* (citation omitted)."The KHRC complaint information sheet does not satisfy the administrative exhaustion requirements under Title VII . . . ." *Id.* at 1278. Accordingly, because Defendant McAtee was not named in either administrative charge, it appears that Plaintiff failed to exhaust his administrative remedies against Dr. McAtee.

[19]*Anthony v. Alorica, Inc.*, 2008 WL 5263983, at *2 (D. Kan. 2008)(citing *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)).

[20]*EEOC v. Earl Scheib of Kansas, Inc.*, 2000 WL 382008, at * 2 (D. Kan. 2000).

[21]*Brin v. Kansas*, 101 F. Supp. 2d 1343, 1353 (D. Kan. 2000).

[22]*Id.* (citing *Romero*, 101 F. Supp. 2d at 1311-12).

Although it appears that the factors may weigh in favor of Defendant McAtee and there is no identity of interest, particularly because it does not appear that he can be held individually liable under Title VII, Defendant McAtee did not address any of these factors in his brief. Generally, failure to address these four factors means that defendant has failed to meet its burden in showing that dismissal is appropriate.[23] From the record currently before the Court, the Court cannot conclude whether the four factors weigh in favor of the Defendant and cannot find that subject matter jurisdiction does not exist.

### B. Failure to State a Claim and Defendant McAtee is not Plaintiff's Employer[24]

Defendant McAtee asserts that the claims should be dismissed against him because he is not Plaintiff's employer. Because Plaintiff's Complaint consists of two fill-in-the blank forms, Plaintiff's allegations are conflicting. The first Complaint alleges that Defendant McAtee is an employer within the meaning of 28 U.S.C. § 1343 and 29 U.S.C. § 630(b)(c) and (d).[25] The second Complaint alleges that Defendant McAtee is employed at Mercy Regional as a Orthopedic Doctor.[26] In Plaintiff's response to Defendant McAtee's Motion to Dismiss, however, he concedes that Defendant McAtee is not his "employer" but states that Defendant McAtee is a representative of the Plaintiff's employer.[27] As such, the Court will only look at the pleadings and decide the matter

---

[23] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 511 (D. Kan. 2007).

[24] Defendant argued that Defendant was not Plaintiff's employer, *and* Plaintiff failed to state a claim for harassment. Although the Court finds that Defendant McAtee's employer status is dispositive, Plaintiff has also failed to state a claim for which relief may be granted because even when the one factual allegation that Plaintiff was called a "honyak" is taken as true and liberally construed in Plaintiff's favor, Plaintiff's Complaint fails to plausibly state a claim of discrimination or harassment under Title VII.

[25] Doc. 1, pp. 2-3.

[26] Doc. 1, p. 7.

[27] Doc. 26, p. 1.

under established motion to dismiss standards.

Title VII makes it unlawful for an "employer" to discriminate against individuals.[28] An "employer" is defined as a person engaged in an industry affecting commerce who has fifteen or more employees.[29]  As Plaintiff does not allege that Defendant McAtee is an employer or an employer within the meaning of Title VII, Plaintiff has failed to state claim against Defendant McAtee.

Plaintiff states in his response that Defendant McAtee is a representative of Mercy Regional. However, "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."[30]  To the extent Plaintiff is attempting to sue Defendant McAtee as an individual, his claim fails because it is not a proper suit.  As such, Plaintiff has failed to state a claim under Title VII against Defendant Dr. McAtee.

**IT IS ACCORDINGLY ORDERED** this 21st day of April, 2009 that Defendant McAtee's Motion to Dismiss or in the alternative Summary Judgment (Doc. 18) is hereby GRANTED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28] *Robinson v. UPS, Inc.*, 2009 WL 910394, at *1 (D. Kan. 2009)(citing 42 U.S.C. 2000e-2(a)(1)).

[29] *Alorica*, 2008 WL 5263983, at *3 (citing 42 U.S.C. § 2000e(b)).

[30] *Id.*