## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JIMMIE A. SHELBY,

       *Plaintiff*,

vs.

MERCY REGIONAL HEALTH CENTER
and JAMES McATEE,

       *Defendant.*

Case No. 07-4147-EFM

### MEMORANDUM AND ORDER

Before the Court is Defendant Mercy Regional Health Center's ("Mercy Regional") Motion to Dismiss (Doc. 20). The motion has been fully briefed. For the following reasons, the Court grants the motion.

**I. Factual and Procedural Background**

*Pro se* Plaintiff Jimmie Shelby brings this action against Mercy Regional and Dr. James McAtee.[1] Plaintiff works for Mercy Regional in Manhattan, Kansas and alleges that he was discriminated against on the basis of his race, color, and national origin. Plaintiff states that his race or color is "negro," and his national origin is African American.

---

[1] Plaintiff filled out two complaint forms, one entitled "Civil Complaint Pursuant to Title VII of the Civil Rights Act of 1964" and one entitled "Civil Complaint." These two complaints contain conflicting allegations. The Court has carefully reviewed both complaint forms in the light most favorable to the *pro se* Plaintiff.

Plaintiff claims that he was subjected to unequal terms and conditions of employment and harassment. Plaintiff alleges that he was subject to racially derogatory remarks because Dr. McAtee referred to him and another black co-worker as a "honyak" on August 7, 2007. Plaintiff states that "honyak" means "nigger" in Iraqi language. Plaintiff claims that Dr. McAtee used the term more than once.

Plaintiff states that he filed a charge with the Kansas Human Rights Commission ("KHRC") on September 8, 2007 and the Equal Employment Opportunity Commission ("EEOC") on September 24, 2007.[2] Plaintiff states that the EEOC issued a Notice of Right to Sue Letter which was received on or about September 28, 2007.[3]

Defendant asserts that Plaintiff's motion should be dismissed because: (1) Plaintiff's Complaint is untimely because he failed to file his complaint within 90 days of receiving his EEOC Notice of Right to Sue and (2) because he has failed to state a claim upon which relief may be granted.

## II. Standard of Review

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts

---

[2] Plaintiff stated in his "First" Complaint that he filed the EEOC charge on September 24, 2007 (Doc. 1, p. 4) and stated in his "Second" Complaint that he filed the EEOC charge on August 7, 2007 (Doc. 1, p. 9). The signed EEOC Charge was received by the EEOC on September 24, 2007. (Doc. 1, p. 15).

[3] The KHRC complaint, KHRC Complaint Information Sheet which included the Mercy Regional Event Report, EEOC complaint, and "Dismissal and Notice of Rights" Letter from the EEOC were attached to the Complaint.

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ---, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[6]

In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well pleaded facts in the complaint and views them in the light most favorable to the plaintiff.[7]  The court, however, need not accept as true those allegations which state only legal conclusions.[8]  Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved.[9]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[10]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11]  "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory

---

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[6] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[7] *See Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[8] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

[10] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)(citations and quotations omitted).

[11] *Hall*, 935 F.2d at 1110.

on a plaintiff's behalf."[12]  "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13]  "Plaintiff bears the burden of alleging 'enough facts to state a claim to relief that is *plausible* on its face.'"[14]

## III. Analysis

### A. Timeliness of Plaintiff's Suit

Defendant contends that Plaintiff's suit should be dismissed because he failed to timely file suit.  Under Title VII, a complainant must file suit within 90 days of receipt of an EEOC right-to-sue letter.[15]  If the suit is not filed within 90 days, it will be considered untimely.[16]  Defendant states that Plaintiff received his EEOC right to sue letter on September 28, 2007 and that he filed his suit ninety-one days later on December 28, 2007.

Here, Plaintiff's Complaint consists of two fill in the blank forms.  He states in his Complaint that he received the EEOC right to sue letter on *or about* September 28, 2007.  He attached the notice of right-to-sue letter to his Complaint which reflects that the notice was *mailed* on September 28, 2007.

Plaintiff is proceeding *pro se*, and his pleadings must be construed liberally.  Plaintiff's Complaint states "on or about" September 28, 2007.  As it is unlikely that Plaintiff actually received

---

[12]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)(citation omitted).

[13]*Hall*, 935 F.2d at 1110.

[14]*Bafford v. Pokorski*, 2008 WL 2783132, at *1 (D. Kan. 2008)(citing *Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1974)).

[15]42 U.S.C. § 2000e-5(f)(1).

[16]*Tademy v. Union Pac. Corp.*, 520 F.3d 1149, 1168 (10th Cir. 2008).

-4-

the notice on September 28, 2007 because it was mailed on that date, the Court finds that Plaintiff's Complaint alleges that the date of receipt was "about" September 28th.

When a receipt date for an EEOC right-to-sue letter is unknown or disputed, the Tenth Circuit has recognized a three-day or five-day mailing presumption.[17] Applying a three-day or five-day presumption from September 28, 2007, Plaintiff's Complaint was timely filed as he was required to file by December 30th or January 2nd, and Plaintiff filed on December 28th. As such, the Court declines to dismiss the case on this basis.

## B. Failure to State a Claim

Defendant asserts that Plaintiff's claim should be dismissed because he has failed to state a claim because (1) the alleged conduct was not sufficiently severe or pervasive to create a legally actionable hostile work environment; (2) the alleged harassment was not based on race; and (3) there is no legal basis for imputing liability to Mercy Regional.

Plaintiff states that he was subject to unequal terms and conditions of employment and harassment. Title VII makes it an unlawful employment practice for an employer to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin.[18] "[C]onduct must be extreme to amount to a change in the terms and conditions of employment . . . ."[19] "To constitute actionable harassment, the conduct must be sufficiently severe or pervasive to alter the

---

[17]*Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001)(noting five-day common law presumption of receipt and three-day Fed. R. Civ. P. 6(e) presumption of receipt).

[18]42 U.S.C. § 2000e-2(a)(1).

[19]*Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

conditions of [the victim's] employment and create an abusive working environment."[20]  Properly applying Title VII standards "will filter out complaints attacking 'the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing.'"[21]

Plaintiff's Complaint is based on a single incident occurring on August 7, 2007.  He states that Dr. McAtee called him a "honyak" more than once and that honyak means "nigger."[22]  However, in Plaintiff's response, Plaintiff states that "honyak" has various definitions and that "the term is used to describe an individual of European ethnic origin and/or to insult an individual."  Plaintiff has alleged no other facts demonstrating that the terms and conditions of his employment were altered in any way.

The Court is unable to conclude that one remark directed at Plaintiff, which has conflicting meanings and can be interpreted in a variety of ways, is indicative of unequal terms and conditions of employment or harassment under Title VII.  Even when taken as true and liberally construed in Plaintiff's favor,  Plaintiff's Complaint fails to provide a sufficient factual basis to plausibly state a claim of discrimination or harassment under Title VII.   As such, the Court finds that Plaintiff's Complaint must be dismissed for failure to state a claim.

---

[20] *Bolden v. PRC, Inc.*, 43 F.3d 545, 550-51 (10th Cir. 1994)(citations and quotations omitted).

[21] *Faragher*, 524 U.S. at 788 (citation omitted).

[22] The Court notes that a quick "google" search shows that the term "honyak" is defined by the "urban dictionary" in three ways, one of which states "Iraqi word for nigger."  No pleadings assert that any of the parties are Iraqis, or that they use or are familiar with Iraqi words or terms. The first definition in the online "urban dictionary" is "close to hoser in meaning. Used to address friends or familiar people." The Court questions whether an online "urban dictionary" is appropriate for determining whether a word or phrase has racial undertones.  Although Defendant included an alternate definition from the Random House Historical Dictionary of American Slang for "hunyak" or "honyock," the Court did not consider that document or definition in deciding the motion to dismiss.

**IT IS ACCORDINGLY ORDERED** this 21st day of April, 2009 that Defendant's Motion to Dismiss or in the alternative Summary Judgment (Doc. 20) is hereby GRANTED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE